Wright, J.
It is not necessary to consider the question of forgery in this case, as the jury did not seem to give it much consideration, and perhaps, with good ground for so doing.
But it is claimed by McGuire’s counsel, that the Superior Court erred in its charge to the jury, and, therefore, the district court were right in reversing the judgment, and the district court should be affirmed here.
The part of the charge complained of is this: “ If, upon this evidence, however, you do not find that McGuire either waived demand and notice, or did not, by his conduct, mislead the plaintiff, .and so prevent a demaud upon the maker and notice to himself, I say to you (and because requested by the plaintiff, and so I understand the law to be), that if, before the maturity of this note, McGuire, the defendant, as assignee in insolvency, had received a transfer from Carr, the maker, of all his, Carr’s, property, and that, on the day of the maturity of the note, the plaintiff made a demand on him, McGuire, for the payment of the note, that would be in law a sufficient demand and notice to charge him, as indorser.”
The counsel for the bank seem to claim that this assignment of all Carr’s property to his indorser, McGuire, iustead of making the demand on the latter a sufficient demand, was rather an excuse for not making any demand at all. They say, “ McGuire, having obtained an assign *302 ment to himself of all the maker’s property, the holder was thereby released from making demand upon the maker of the note, for the reason that such a demand would have been useless, and also for the reason that McGuire knew that a demand would be useless.”
It has been often said that an assignment of all the maker’s property to an indorser, dispensed with demand and.notice, but exactly what the rule is, is a matter of some doubt, as will be seen by reference to the learned notes, in Redfield & Bigelow’s Leading Cases on Bills and Notes, and see Barton v. Baker, 458; 1 Pars. Notes and Bills, 560-575, and the notes thereto. In this case we deem it enough to say, that unless the assignment was sufficient to protect the indorser, demand and notice is not dispensed with. The ground of this rule is, that as the indorser is secured by the property in his hands, there is no occasion for demand and notice. Kent states that the fact that the indorser is “protected,” occasions the waiver of his legal rights, 3 Kent. 113. The evidence shows that Carr’s assets were not sufficient to meet his liabilities, and the charge thereupon was erroneous. The assignment did not make the demand on McGuire a sufficient demaud, nor did it dispense with the necessity of demand. It has already been held by this court in Beard v. Westerman, 32 Ohio St. 29, that “ demand and notice are not necessary as against an indorser, who, at the date of the maturity of the note, has sufficient property of the maker in his posession held as security against his liability.”
But, on behalf of the bank, it is claimed that, conceding this charge to be error, yet the verdict upon the whole was right, inasmuch as McGuire had waived demand and notice, or rather that he had led the bank to suppose he had dispensed with them.
The evidence on this point we understand to be this. There were several of these notes, and McGnire had told the bank they need not present them to Carr, but they should bring them to him as they became due, and he would either pay them or waive protest. This he did until *303 the day of payment of the note in controversy. At noon of that day the clerk came to McGuire with this note, and McGuire said “ he would not pay the note nor waive protest upon it, because the signature on its back was not his, the said McGuire’s, signature, but was a forgery.” This is the clerk’s statement. McGuire’s, which is in effect the same, is: lie says the clerk asked him “to pay or to waive protest on said note, which he (McGuire) then and there refused to do, aud so expressly told Proudfoot, because said indorsement on the back of the note was'a forgery, and he would never pay the“note.”
Ve understand the upshot of this conversation to be that McGuire intended to take back all he had said and done in the matter of waiving protest, and intended the bank so to understand. Under his agreement he had been pursuing a certain line of conduct, waiving protest (which iucludes demand, notice, and all steps necessary to charge the indorser) upon the notes as they came along, but now there is one which is forged, or he thinks it is forged, or says it is forged. Thereupon he repudiates on the spot all existing arrangements, waivers, and understandings, and tells the bank to pursue its legal remedies, whatever they they are. This is the way the evidence strikes a majority of the court.
It is said, with a great deal of force, that McGuire stood in two characters — that of assignee and that of indorser; and that in his character of assignee, he did not intend to insist on demand, knowing it to be useless. But we think he did not intend to waive anything or dispense writh anything, either as assignee or indorser.
If the demand had been made at the close of bank hours, non constat but that the note might have been paid. Perhaps the supposition is far fetched. We concede it to be so. But the indorser had the right to have that done which would exclude the possibility of any supposition, reasonable or unreasonable. He had to the last minute of the last hour of the last day, aud if no one by that time stepped in to meet the demand of payment, he was liable. *304 Bat liow does a demand three or four hours before this time show that no payment could or would be made at this time? This maybe said to be technical. So is the law with regard to demand and notice. It must be complied with, and it is no excuse to show that there wras no use in complying with it.
The law on this subject is strict and well defined, and a waiver of the steps to charge the indorser must be clear and beyond dispute. The bank had plenty of time to take these steps after the indorser had retracted his previous agreement, and to fasten a waiver on him now, it must be upon acts or words that are not doubtful. Parsons well says (1 Bills & Notes, 465):
“"We are unwilling to close this topic of excuse for non-presentment without remarking that the rule requiring presentment is so stringent, and rests upon reasons which require so rigid an adherence to the rule, that it is not safe or prudent to rely upon any of these excuses, except perhaps an express waiver in writing upon the paper itself.”
Judgment of the district court is affirmed.